# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAVIS, SR., | CASE NO. 1:07-CV-00302-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. JORDIN, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

I.      Screening Order

A.      Screening Requirement

Plaintiff, Bryan Davis, Sr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 26, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      Plaintiff's Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Dr. Jordin and Correctional Officers Tillman, Germany, Hernandez, Sandoval, Cardeanes, and Martinez as defendants, and alleges that they violated his rights under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment. Plaintiff seeks money damages and injunctive relief.               1      .

1.      Eighth Amendment Claims

a.      Conditions of Confinement Claims

Plaintiff alleges that defendants Hernandez, Germany, and Cardeanes slammed his tray slot and handed plaintiff dirty food trays that had little pools of water in which his food and breads were

allowed to rest.  Plaintiff further alleges that these same defendants would place his milk and juice cartons in his food – the juice cartons were allegedly empty.

Plaintiff further alleges that defendant Dr. Jardin obtained his consent to be administered certain medications under pretext and that when plaintiff refused the medication, defendant Tillman held him such that the medications were thereafter administered to plaintiff.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

3

1  of an Eighth Amendment violation." Id. (quotations and citations omitted).

2       None of plaintiff's allegations give rise to any claims for relief under section 1983 for

3  violation of the Eighth Amendment.  Plaintiff's allegations do not support a claim that any of the

4  defendants acted with "deliberate indifference to a substantial risk of serious harm to plaintiff."

5  Frost, 152 F.3d at 1128.  Neither Plaintiff's allegation that he was harassed daily by psychiatric staff,

6  nor his allegations that defendants Castro and Talisman set forth false information in their reports

7  state a claim for violation of the Eighth Amendment.

8                    2.   Due Process

9       Plaintiff alleges that, subsequent to a search of his cell by defendant Sandoval, some of his

10  personal property was missing.  The Due Process Clause protects prisoners from being deprived of

11  property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners

12  have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir.

13  1974).  However, while an authorized, intentional deprivation of property is actionable under the

14  Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v.

15  Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985),

16  neither negligent nor unauthorized intentional deprivations of property by a state employee

17  "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

18  Amendment if a meaningful post deprivation remedy for the loss is available." Hudson v. Palmer,

19  468 U.S. 517, 533 (1984).

20       Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation

21  was authorized or unauthorized.  Further, in the event that the seizure was authorized and therefore

22  actionable under section 1983, plaintiff has not alleged any facts suggesting that he was deprived of

23  due process.  As long as plaintiff was provided with process, prison officials may deprive him of his

24  property.

25                    3.   Supervisory Liability Claim

26       Under section 1983, liability may not be imposed on supervisory personnel for the actions

27  of their employees under a theory of respondeat superior.  When the named defendant holds a

28  supervisorial position, the causal link between the defendant and the claimed constitutional violation

4

1   must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

2   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

3   relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

4   defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

5   the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

6   that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

7   constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

8   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards

9   are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v.

10  Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

11       Although plaintiff names Sergeant Martinez as a defendant, plaintiff has not alleged any facts

12  that give rise to a claim for relief under section 1983 against him.  Plaintiff merely states that he

13  talked to Martinez but he does not allege any conduct by Martinez so as to render him liable to

14  plaintiff.  Further, the complaint is devoid of allegations upon which a supervisory liability claim

15  may be based against Martinez  stemming from the alleged actions of Hernandez, Cermany,

16  Cardeanes or Dr. Jardin.  Accordingly, plaintiff fails to state a claim against Martinez.

17       C.    Conclusion

18       Plaintiff's complaint does not state any claims upon which relief may be granted under

19  section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint,

20  if plaintiff wishes to do so.

21       In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

22  15-220 requires that an amended complaint be complete in itself without reference to any prior

23  pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

24  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

27       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

625 F.2d 227 (9th Cir. 1980).   The complaint must allege in specific terms how each named defendant is involved.   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order;  or

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    December 10, 2007                 /s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE