1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7                 EASTERN DISTRICT OF CALIFORNIA
8
   BRYAN DAVIS,                          CASE NO. 1:07-cv-00302-LJO-DLB PC
9
                      Plaintiff,         FINDINGS AND RECOMMENDATIONS
10                                        RECOMMENDING DISMISSAL OF ACTION
         v.                               FOR FAILURE TO OBEY A COURT ORDER
11                                        AND FAILURE TO STATE A CLAIM
   JORDIN, et al.,
12                                        (Doc. 17)
                      Defendants.
13                                        OBJECTION DUE WITHIN TWENTY DAYS
                                                                    /
14

15        Plaintiff Bryan Davis ("Plaintiff") is a former state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 25, 2008, the Court

17  dismissed Plaintiff's amended complaint for failure to state any claims upon which relief may be

18  granted and ordered Plaintiff to file a second amended complaint within thirty days from the date of

19  service of the order.  More than thirty days have passed and Plaintiff has not filed a second amended

20  complaint.  On December 9, 2008, Plaintiff filed a Notice of "Declining Second Amendment [sic]

21  Complaint."  Plaintiff stated that he would not file a second amended complaint because of a

22  perceived conspiracy by this Court.

23        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local

24  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

25  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

26  control their dockets and "in the exercise of that power, they may impose sanctions including, where

27  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

28  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

                                        1

1  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

2  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

3  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

5  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

6  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

7  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

8  failure to lack of prosecution and failure to comply with local rules).

9      In determining whether to dismiss an action for lack of prosecution, failure to obey a court

10  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

11  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

12  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

13  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

14  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15      In the instant case, the Court finds that the public's interest in expeditiously resolving this

16  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has

17  been pending since February 26, 2007.  The third factor, risk of prejudice to defendant, also weighs

18  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

19  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

20  factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

21  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

22  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

23  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d

24  at 1424.  The court's order requiring plaintiff to file a second amended complaint expressly stated:

25  "If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court

26  order and for failure to state a claim."  Thus, plaintiff had adequate warning that dismissal would

27  result from his noncompliance with the court's order.

28  //

1      Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice,

2 for failure to obey a court order and failure to state a claim upon which relief may be granted.

3      These Findings and Recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

5 **days** after being served with these Findings and Recommendations, plaintiff may file written

6 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

9 1153 (9th Cir. 1991).

10

11     IT IS SO ORDERED.

12 **Dated:**   **January 23, 2009**            _/s/_ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28